**UNITED STATES of America, Petitioner–Appellee,**

v.

**Timothy J. DEAN, Respondent– Appellant.**

**No. 01–5153.**

United States Court of Appeals, Sixth Circuit.

Nov. 8, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District Judge.*

Timothy J. Dean appeals a district court order that rejected his claim of Fifth Amendment privilege in this action for enforcement of an Internal Revenue Service summons filed pursuant to 26 U.S.C. §§ 7402(b) & 7604(a). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

The government filed its petition in the district court seeking to enforce IRS summonses requiring Dean to produce documents pertaining to his 1995, 1996, 1997, and 1998 income tax liability. The district court ordered Dean to comply with the IRS summons, and the court issued an order to show cause and a warrant for Dean's arrest after Dean failed to comply with the summons. Following Dean's arrest, the district court conducted a hearing, found Dean in contempt, remanded Dean to the custody of the Attorney General, appointed the federal public defender to represent Dean, and again ordered Dean to comply with the IRS summonses.

Thereafter, Dean submitted documents to the district court along with an assertion that production of the documents to the IRS violated his fifth amendment right not to incriminate himself. The district court reviewed the documents in camera, and entered a memorandum and order on December 27, 2000, in which it concluded that Dean's fifth amendment claim is groundless, and notified the IRS that it could arrange to obtain the documents. After the IRS took possession of the documents, Dean filed a timely notice of appeal taken from the district court's memorandum and order.

On appeal, Dean contends that he was entitled to refuse to comply with the IRS summonses under the fifth amendment and for other reasons as well. The government responds that the district court's December 27, 2000, order is not final and appealable, and that the district court's rulings in this case were proper in any event. Upon consideration, we affirm the order for the reasons stated by the district court in its memorandum and order entered December 27, 2000.

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

■ Initially, it is noted that jurisdiction before this court is proper. Generally, only final district court orders which end litigation on the merits as to all claims are appealable. *See Van Cauwenberghe v. Biard,* 486 U.S. 517, 521, 108 S.Ct. 1945, 100 L.Ed.2d 517 (1988). However, the Supreme Court has recognized the collateral order doctrine, which permits appeal of some district court orders that do not terminate the entire case, or even a discrete part of it. *See Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To be appealable under *Cohen,* an order must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from an otherwise final judgment. *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). Here, the district court's determination that Dean may not refuse to give documents to the IRS under his fifth amendment right not to incriminate himself fulfills the *Cohen* requirements. Otherwise, a litigant could be forced to provide documents that do violate the privilege, without recourse to reverse potential incrimination. Under these circumstances, the district court's order is reviewable as a collateral order.

■ Nonetheless, the district court properly rejected Dean's fifth amendment claim. Generally, an individual may have a fifth amendment privilege to refuse to produce documents in response to an IRS summons. *See United States v. Doe,* 465 U.S. 605, 612–13, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984); *United States v. Grable,* 98 F.3d 251, 253 (6th Cir.1996). However, this "act of production" privilege applies only on a document-by-document basis, and the district court must individually review in camera any document to which a summoned party specifically objects. *Grable,* 98 F.3d at 257. Here,

Dean submitted to the district court what it characterized as a "disorganized array of documents," along with only a general blanket assertion of fifth amendment privilege. Despite Dean's general objection, the district court reviewed the documents and concluded that none warranted protection. Even on appeal, Dean does not assert that any individual document produced merits fifth amendment protection. Under these circumstances, the district court properly rejected Dean's fifth amendment claim.

Dean's remaining claims on appeal are meritless.

For the foregoing reasons, the district court's order is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.